NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1344
_____

KENNETH OWENS-EL,

Appellant

v.

CITY OF PITTSBURGH; TOM MURPHY, individually and in his
official capacity as Mayor of the City of Pittsburgh;
SALVATORE SIRABELLA, individually and in his official
capacity as Deputy Mayor, City of Pittsburgh; EARL BUFORD,
individually and in his capacity as former Chief of Police,
City of Pittsburgh; GERRIE GERMANY; DOUG JOHNSON; CHARLES
PROVIDENT; DONALD KAECHERS; ROGER MCDANIEL, Police
Detectives/Officers in their individual capacities

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 00-cv-00518)
District Judge: Honorable William L. Standish
_____

Submitted Under Third Circuit LAR 34.1(a)
June 3, 2005

BEFORE: ALITO, SMITH and BECKER, <u>CIRCUIT JUDGES</u>

(Filed  June 8, 2005)

_____

OPINION
_____

PER CURIAM

In January 1995, Owens-El was involved in a peaceful protest with the African American Coalition for Justice (AACJ) at Three Rivers Stadium in Pittsburgh, Pennsylvania. According to Owens-El, several under-cover police officers charged into the protest and assaulted two of the protestors. Owens-El claimed that he tried to intervene and became involved in an altercation with the two officers. Owens-El was arrested and charged with two counts of aggravated assault and one count of resisting arrest. The case against him proceeded to trial. The trial judge threw out one count of assault, and the other charges resulted in a hung jury. Thereafter, the trial judge granted Owens-El's request to dismiss the case.

After the criminal case was dismissed, Owens-El filed a complaint in the Allegheny County Court of Common Pleas against the City of Pittsburgh, Mayor Tom Murphy, Former Deputy Mayor Salvatore Sirabella and Former Chief of Police Earl Buford (collectively "City defendants"), as well as Pittsburgh Police Officers Gerrie Germany, Doug Johnson, Charles Provident, Donald Kaechers and Roger McDaniel (collectively "police defendants"). The case was subsequently removed to the United States District Court for the Western District of Pennsylvania.

In his complaint, Owens-El claimed that the City defendants' policies, coupled with their failure to properly train and supervise city police officers, resulted in the police defendants violating his federal rights during the course of his January 1995 arrest. Owens-El asserted that the police defendants violated his rights under 42 U.S.C. §§ 1983,

1985, and 1986 by falsely arresting and maliciously prosecuting him and by using excessive force. Owens-El also alleged several violations of his rights under state law.

The City defendants filed a motion for summary judgment, which was granted. The police defendants filed a motion for summary judgment which was granted in part, but denied with respect to Owens-El's claims of malicious prosecution and false arrest. The case proceeded to a five day trial on these claims, during which, the police defendants' motion for judgment as a matter of law was granted in part and denied in part. The motion was granted in favor of defendants Germany, Johnson, and McDaniel on the false arrest claim, and in favor of defendants Germany, Johnson, McDaniel, and Kaechers on the malicious prosecution claim. The jury returned defense verdicts with respect to the remaining claims against Kaechers (false arrest) and Provident (false arrest and malicious prosecution). Owens-El's post judgment motions were denied. Owens-El appeals.

After careful review of the record and consideration of the arguments on appeal, we agree with the District Court's disposition of the summary judgment motions at issue. Summary judgment was properly granted in favor of the City defendants because Owens-El failed to introduce any evidence that the City of Pittsburgh had an official policy, custom or training program that caused the police defendants to violate his constitutional rights. See Bd. of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997); Montgomery v. De Simmone, 259 F.3d 120 (3d Cir. 1998). With respect to

3

Owens-El's claims against the City defendants in their official capacities, Owens-El failed to establish that the officials' conduct caused the deprivation of his federally protected rights. See Kentucky v. Graham, 473 U.S. 159, 165 (1985). Finally, Owens-El failed to establish a genuine issue of material fact with respect to his claims against Murphy, Sirabella and Buford in their individual capacities because he did not demonstrate that they participated in or acquiesced in the alleged constitutional violations. See Rizzo v. Goode, 423 U.S. 362 (1976).

As for the police defendants, the District Court correctly granted summary judgment with respect to Owens-El's conspiracy claims because Owens-El failed to provide sufficient proof of a conspiracy or race based animus. See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1987) (citing Griffin v. Breckenridge, 403 U.S. 88 (1971) and United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott, 463 U.S. 825 (1983)). Because there was insufficient evidence to support a section 1985 claim, by definition, the evidence was not sufficient to support a section 1986 claim. See Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994). The District Court correctly granted summary judgement as to Owens-El's excessive force claim because, in opposing the police defendants' motion for summary judgment, Owens-El failed to assert any specific facts showing that there was a genuine issue for trial.[1] See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

---

[1] We note that Owens-El was not proceeding pro se when he filed his response to the police defendants' motion for summary judgment.

4

Finally, Owens-El challenges the jury verdict and several evidentiary rulings. Without a trial transcript, this Court is unable to review these challenges.[2] The appeal is thus dismissed with respect to those claims. See Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990) (appeal by inmate in civil rights action dismissed for failure to provide a transcript).

For the reasons set forth above, we will dismiss the appeal to the extent that it pertains to trial issues, and in all other respects we will affirm the judgment of the District Court. Owens-El's motion to vacate the joint motion for added appendix and the Clerk's order dated March 10, 2005 is denied.

---

[2] By order entered November 17, 2004, we denied Owens-El's motion for transcripts at government expense without prejudice to his filing a motion for transcripts listing with specificity which portions of the transcripts were necessary to support the claims he raised on appeal. Owens-El did not submit another motion for transcripts.